# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Monica L Dickerson-Floyd,<br><br>    Debtor,<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST,<br><br>    Movant,<br><br>      v.<br><br>Monica L Dickerson-Floyd,<br><br>    Debtor/Respondent,<br><br>KENNETH E. WEST, Esquire,<br><br>    Trustee/Additional Respondent. | Bankruptcy No. 25-13230-amc<br><br>Chapter 13<br><br>Hearing Date: January 6, 2026<br>Hearing Time: 11:00 A.M.<br>Hearing Location: 900 Market Street, Suite 204 Philadelphia, PA 19107<br>Courtroom Number #4 |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST'S FORECLOSURE OF 218 LE CARRA DRIVE, LANSDOWNE, PENNSYLVANIA 19050**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. Monica L Dickerson-Floyd ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on August 14, 2025.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On May 27, 2004, Monica L. Dickerson-Floyd executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $66,500.00 in favor of Washington Mutual Bank, FA. A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded June 3, 2004 in Book 03194 at Page 2340 of the Public Records of Delaware County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 218 Le Carra Drive, Lansdowne, Pennsylvania 19050 (the "Property").

6. The parties entered into a Loan Modification ("Agreement") on April 1, 2019, creating a new principal balance of $55,111.98. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST and same recorded with the Delaware County Recorder of Deeds on December 6, 2021, at Instrument Number 2021090987. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".

8. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the

promissory note is either made payable to noteholder or has been duly endorsed.

9. Based upon the Debtor(s) Chapter 13 Plan (at Docket No. 25)("Plan"), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Chapter 13 Plan is attached hereto as Exhibit "E".

10. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $803.66 which came due on October 1, 2025, November 1, 2025, and December 1, 2025, respectively.

11. Thus, Debtor(s)' post-petition arrears total $2,410.98 less suspense balance of ($775.34) for total arrears in the amount of $1,635.64 through December 2, 2025. By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the period alleged above. In addition, Debtor is also responsible for related legal fees and costs in prosecution of this action.

12. As of December 2, 2025, the unpaid principal balance due under the loan documents is $53,457.92. Movant's total claim amount, itemized below, is $94,524.06. *See* Exhibit "F".

| | |
|---|---|
| Loan Balance for Prior Period | $53,457.92 |
| Interest on Loan Balance for this period | $7,860.20 |
| Escrow Advance | $11,837.93 |
| Suspense Balance | ($1,124.34) |
| Total Fee | $83.25 |
| ACCUM Late Charges | $14.92 |
| ACCUM NSF Charges | $100.00 |
| Recoverable Balance | $22,294.18 |
| Total Payoff | $94,524.06 |

13. Debtor(s)' docketed schedules list the value of the Property as $137,440.00. A true and accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "G".

14. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

15. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

16. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

17. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

18. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST to take any and all steps necessary to exercise

any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: December 11, 2025

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Jordan Katz
Jordan Katz, Esquire
PA Bar Number 334053
Email: jkatz@raslg.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:** <br> **Monica L Dickerson-Floyd** | **CHAPTER:** 13 |
| Debtor(s) | **CASE NO.** 25-13230-amc |

**POST-PETITION PAYMENT HISTORY**
**NOTE AND MORTGAGE MAY 27, 2004**

Recorded on June 3, 2004, in Delaware County, at Book 03194. Page 2340

Property Address:
218 Le Carra Drive, Lansdowne, Pennsylvania 19050

Mortgage Servicer:
SELENE FINANCE LP

Post-petition mailing address for Debtor(s) to send payment:
Selene Finance LP, Attn: Bk Dept.,
3501 Olympus Boulevard,
Suite 500, Dallas,
Texas  75019

Mortgagor(s)/Debtor(s):
Monica L Dickerson-Floyd (Debtor)

Payments are contractually due:

☒ Monthly  ☐ Semi-monthly  ☐ Bi-weekly  ☐ Other N/A

Each Monthly Payment is comprised of: October 1, 2025 through December 1, 2025
Principal and Interest.....    $298.45
R.E. Taxes.....................    $311.26
Insurance......................    $0.00
Late Charge..................    $0.00
Other...........................    $193.95    (Specify: N/A)
**TOTAL**......................    $803.66

25-13230-amc
22-077389
MFR

**POST-PETITION PAYMENTS** (Petition was filed on    August 14, 2025)

| Date Received | Amount Received | Payment Amount Due | Payment Date Applied to | Amount to/from Suspense | Check Number |
|---|---|---|---|---|---|
| Arrears Due | $0.00 | $803.66 | 10/1/2025 | $775.34 | N/A |
| Arrears Due | $0.00 | $803.66 | 11/1/2025 | $0.00 | N/A |
| Arrears Due | $0.00 | $803.66 | 12/1/2025 | $0.00 | N/A |
| Total | $0.00 | $2,410.98 | | $775.34 | N/A |

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: 3 as of December 2, 2025.

TOTAL AMOUNT OF POST-PETITION ARREARS: $2,410.98 less suspense balance of ($775.34) for total arrears in the amount of $1,635.64 as of December 2, 2025.

Dated:   DEC 10 2025

Selene Finance LP
_____
Mortgage Company

_____
(Print Name and Title)   Christine Le
Bankruptcy Specialist

25-13230-amc
22-077389
MFR