**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Bankruptcy No. 25-13230-amc |
| Monica L. Dickerson-Floyd, | Chapter 13 |
| Debtor. | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, | |
| Movant, | |
| v. | |
| Monica L. Dickerson-Floyd, | |
| Debtor/Respondent, | |
| KENNETH E. WEST, | |
| Trustee/Additional Respondent. | |

**STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Secured Creditor" or "Movant") and Monica L Dickerson-Floyd, ("Debtor"), by and through the undersigned attorneys, hereby stipulate as follows:

**I.      BACKGROUND:**

1. On May 27, 2004, Monica L. Dickerson-Floyd, executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $66,500.00.

2. The Mortgage was recorded on June 3, 2004, with the Delaware County Recorder of Deeds.

3. The Mortgage was secured as a lien against the real property located in Delaware County commonly known as **218 Le Carra Drive, Lansdowne, Pennsylvania 19050** (the "Property").

4. The Note and Mortgage were last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST.

5. Debtor defaulted under the terms of the Note and Mortgage by failing to make monthly post-petition payments of principal, interest and escrow when they became due.  As of February 6, 2026, the post-petition arrears owed Movant is $3,991.96 and consists of four (4) monthly mortgage payments for November 1, 2025 through February 1, 2026 in the amount of $803.66 each, attorney fees and costs in the amount of $1,549.00, less a suspense balance of $771.68.

6.  Thus, Debtor's post-petition arrears currently totals $3,991.96.

7. Debtor further acknowledges that additional payments of principal, interest and escrow currently in the amount of $803.66 per month shall become due under the Note and Mortgage on the first (1st) day of each successive month, beginning March 1, 2026 until the Note is paid in full. Debtor acknowledges that the monthly payment is subject to change and remains responsible for same.

8. U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, and Debtor desire to resolve Debtor's post-petition arrears in accordance with the terms set forth below:

II.   **STIPULATION FOR RELIEF FROM STAY**

9. Debtor confirms and acknowledges her financial obligations to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST under the Note and Mortgage.

10. Debtor further confirms and acknowledges her failure to make post-petition payments of principal, interest and escrow in the amount of post-petition arrears as set forth in Paragraphs 5 and 6 above.

11. Debtor further confirms and acknowledges her obligation and agrees to make regular post-petition payments of principal, interest and escrow going forward from March 1, 2026 as set forth in Paragraph 7 above.

12. Debtor is required to cure the remaining arrears of $3,991.96 by making payments to Movant in the amount of $665.33 for the next five (5) consecutive months, as well as, a sixth (6th) and final payment of $665.31, to be tendered on or before the fifteenth (15th) day of each month beginning March 15, 2026.

Payments should be payable and remitted to:

**Selene Finance LP,**

**3501 Olympus Blvd., Suite 500**

**Dallas, TX 75019**

13. In the event that Debtor converts to a Chapter 7 bankruptcy during the pendency of this bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion.  Should the Debtor fail to cure the arrears, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, will issue and serve upon Debtor's attorney written notification of default ("Notice") of this Stipulation.  If the default is not cured within fifteen (15) days of the Notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, may file a Certification of Default with the Bankruptcy Court ("Court")

and the Court shall enter an Order granting relief from the Automatic Stay.

14. In the event the Debtor defaults on her obligations under this Stipulation by failing to comply with the provisions as set forth above in Paragraph 11 and/or tender in full any of the payments described in Paragraph 12, on or before the dates upon which they are due, then U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns shall serve attorney for the Debtor via facsimile, electronic mail, and/or First Class Mail, postage prepaid, with written notification of the default.  In the event that Debtor fails to cure the default within fifteen (15) days of the date of the Notice, then, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, or its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation without further notice to Debtor or the Order of this Court.  If Movant is required to issue a Notice of Default, the Debtor shall pay $125.00 per Notice, as attorney fees, in addition to all funds required to fully cure the default prior to the expiration of the allowed cure period.

15. In addition, Debtor agrees that he is not permitted more than two (2) defaults from the date of this Stipulation.  Debtor agrees that if he defaults under the terms of this Stipulation more than two (2) times, then, without further notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns may file a Certification of Default with the

Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation.

16. Neither U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's consent to this Stipulation nor U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's acceptance of any payments tendered by or on behalf of Debtor shall be construed as a waiver of U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's right to proceed with or commence a foreclosure other legal action against Debtor under this Stipulation.  However, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, agrees to credit the mortgage account of Debtor for all payments made in accordance with this Stipulation, the Note and/or Mortgage.

17. This Stipulation may only be modified by a revised Stipulation filed on the docket in the U.S. Bankruptcy Court ("Court").  No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation as filed on the docket in the Bankruptcy.

18. Debtor hereby certifies and confirms that he has reviewed the terms of the Stipulation with his attorney, understands and is in agreement with the terms of this Stipulation, and authorizes his attorney to execute this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Sherri R. Dicks                              Date:    2/17/2026
Sherri R. Dicks, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA Bar No. 90600
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
Email: sdicks@raslg.com
Attorneys for Movant

/s/    Brad J. Sadek          _*with express permission*    Date:  2/12/2026
**BRAD J. SADEK**
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
215-545-0008
Fax : 215-545-0611
Email: brad@sadeklaw.com

NO OPPOSITION:

/s/ Jack K. Miller, Esq.  for *with express permission*    Date:  2/17/2026
**KENNETH E. WEST**
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
215-627-1377

I have no objection to the terms of the proposed stipulation, without prejudice to any rights or remedies available to us.